UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20CR763 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| JETHROE WRIGHT, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 29, 2021 during a telephone conference, counsel for Defendant Jethroe Wright indicated that his client desired to enter into a plea agreement with the Government. During that conference, the Court indicated that Wright had not complied with the Court's deadlines and that therefore a plea agreement would not be approved by the Court. Later that day, counsel filed a notice of intent to plead guilty without an agreement and an objection to the Court's refusal to approve a plea agreement. Doc. 50. The Court now resolves that objection.

1. **Factual Background**

Defendant Jones was indicted on November 19, 2020 and arraigned on November 24,

2020.[1]  During his arraignment, Wright was informed that deadlines for his case would be set a later date because his final co-defendant was in the process of being returned to the Northern District of Ohio.  On January 2, 2021, the Court issued those deadlines through a trial order.  The order specified a pretrial date of February 11, 2021 and in bold print noted:  "**ACCORDINGLY, THE COURT WILL NOT ACCEPT PLEA AGREEMENTS AFTER THE DATE OF THE PRETRIAL**."  (emphasis in original).  Doc. 23 at 1.

On January 15, 2021, Wright and both his co-defendants moved to extend the Court's deadlines as they had not yet received discovery.  Docs. 26, 27, and 28.  The Court denied these motions with the intent to address the issues raised there at the scheduled pretrial hearings.  Docs. 29, 30, and 31.  During that hearing, the Court extended the deadlines and reset Wright's pretrial to April 7, 2021.  Wright was again informed that no plea agreement would be accepted beyond that date.  On April 6, 2021, Wright moved to continue the plea agreement deadline and asserted that he had only received a draft plea agreement that day.  Doc. 38.  The Court granted Wright's request and extended his deadline to May 18, 2021.  For a third time, Wright was informed that no plea agreement would be accepted after this date.

On May 17, 2021, counsel for Wright moved to again extend his plea deadline.  The only support offered for this extension was: "Additional time is necessary to review a proposed Plea Agreement with Mr. Wright and negotiate a potential amendment to said agreement."  Doc. 42 at 1.  The Court denied Wright's motion that same day.  Doc. 43.  On May 18, 2021, the Court conducted the pretrial as scheduled.  As Wright did not indicate a desire to plea to the indictment and had not entered into a plea agreement, the Court scheduled the matter for trial.  A copy of the then-proposed plea agreement was docketed on May 20, 2021 to ensure a full record for any future review.

---

[1] Wright was initially seen by a Magistrate Judge through the complaint process on October 27, 2020

Nearly six weeks later on June 29, 2021, Wright lodged his objection to the Court's adherence to its deadline. The Court resolves that objection herein.

2. **Legal Standard and Analysis**

"To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A).2 As a result, "[t]here is… no absolute right to have a guilty plea accepted. *Lynch v. Overholser*, 369 U.S. 705, 719 (1962); Fed.Rule Crim.Proc. 11. A court may reject a plea in exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

> By leaving the decision whether to accept or reject a plea to the "exercise of sound judicial discretion," *Santobello*, 404 U.S. at 262, the Supreme Court did not intend to allow district courts to reject pleas on an arbitrary basis. The authority to exercise judicial discretion implies the responsibility to consider all relevant factors and rationally construct a decision. *See United States v. Severino*, 800 F.2d 42, 46 (2d Cir. 1986) (holding that a court may reject a plea "if [it] has reasonable grounds for believing that acceptance of the plea would be contrary to the sound administration of justice"), *cert. denied*, 479 U.S. 1056 (1987). As the Seventh Circuit has recognized, requiring district courts to articulate a sound reason for rejecting a plea is the surest way to foster the sound exercise of judicial discretion. *See Delegal*, 678 F.2d at 50.

*United States v. Moore*, 916 F.2d 1131, 1136 (6th Cir. 1990). "If a trial judge sets a plea cut-off date and a plea is not offered prior to that time, the trial judge may well be justified in rejecting the plea. On the other hand, if the Government makes its first plea offer to a defendant the morning of trial and defendant accepts, the rejection of the plea under those circumstances may well constitute an abuse of discretion." *Id.* at 1136, n.11.

Setting deadlines for the entry of a plea agreement is the standard practice in this district and is widely practiced in many districts across the country. *United States v. Allen*, 2002 WL 31890920 (6th Cir. Dec. 26, 2002) (unpublished); *United States v. Robertson*, 2002 WL 1773302

---

2 As the proposed plea agreement included the dismissal of counts, it fell within subsection (A) of Rule 11.

(10th Cir. Aug. 2, 2002) (unpublished); *United States v. Vargas Lopez*, 2000 WL 1728114 (9th Cir. Aug. 25, 2000) (unpublished). "The Court sets plea agreement deadlines in order to provide for the efficient administration of justice and the efficient use of the Court's limited resources. If parties were able to simply ignore these deadlines, many valuable Court resources would be wasted in preparing for trials that will never take place." *United States v. Santos*, No. 1:02-CR-127, 2003 WL 21088960, at *2 (E.D. Tenn. May 2, 2003).

The focal point of Wright's objection seems to be on the fact that his co-defendant, Adam Felix, received an extension of his plea deadline on May 17, 2021 that Wright did not receive. In raising such a comparison, Wright wholly ignores that Felix retained new counsel on March 3, 2021. As such, Felix's counsel had been involved in the matter for roughly 2.5 months at the time of the May 17, 2021. In stark contrast, Wright's counsel first appeared in his defense on October 17, 2020 – nearly five months before Felix's counsel appeared. Moreover, while Wright's motion generically requested more time to negotiate, Felix's motion indicated that counsel had been in trial for three straight weeks prior to the pretrial and specified the location and case number of those trials. In other words, Felix's motion provided a legitimate basis for being unable to meet the Court's deadline.

Beyond his comparison to his co-defendant, Wright appears to argue that the Court must accept his plea agreement because there is no objection from the Government. Moreover, Wright's counsel contends that an email was sent to Court staff as early as June 3, 2021 requesting to "speak to the court about a proposed resolution." Wright then takes issue with the fact his next hearing was not scheduled until June 29, 2021.

First and foremost, the Court does not require an objection from the Government in order to enforce its own deadlines. As such, the lack of an objection does not impact the Court's

analysis in any capacity. Second, it is entirely unclear how counsel's informal communication with Court staff has any relevance to the Court's decision in this matter. Initially, the Court notes that requests for conferences should be filed on the docket. Emailing the Court's staff is not a proper method to request hearing. Further, the communication was sent on June 3, 2021 – more than two weeks beyond the Court's deadline for accepting a written plea agreement. Moreover, the communication did not go as far as even indicating that a plea agreement had been completed. Instead, it sought a conference to discuss a "proposed resolution" of the matter. However, even assuming arguendo that email could somehow place the Court on notice that a plea agreement had been reached, it would not alter the Court's decision.[3]

By counsel's own admissions, a draft plea agreement was provided to Wright on April 6, 2021. Based upon the record before this Court, between April 6, 2021 and May 17, 2021 – the Court's deadline – *nothing* occurred. Instead, roughly 24 hours before the deadline, counsel moved to extend the deadline and offered no reasoning in support. Counsel's actions *after* the deadline only serve to reinforce the Court's view. By counsel's version of events, a plea agreement was able to be finalized in roughly 2 weeks following the hearing May 18, 2021. Thus, it is abundantly clear that if counsel had devoted the time necessary to this matter during the six weeks *prior* to the Court's deadline while a draft plea agreement was in hand, the matter could have easily been resolved without need for any further extension.

In the end, Wright and his counsel have offered no viable reason that the Court should ignore its deadline for accepting a plea agreement. This is not a matter in which there was dilatory conduct by the Government. Instead, the record amply demonstrates that a resolution could have been reached well within the Court's deadline. Accordingly, Wright's objection to the

---

[3] To the extent that Wright complains about the supposed "delay" between his informal communication and a hearing taking place, the Court would note that between June 3 and June 29, it conducted roughly 60 hearings *and* a criminal jury trial. As such, Wright's hearing was scheduled when time permitted in the Court's calendar.

Court's adherence to its deadline is OVERRULED.

    IT IS SO ORDERED.


  <u>September 10, 2021</u>                             <u>/s/ John R. Adams</u>
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE